UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL THOMAS SCUDERI,

                      Plaintiff,

v.                                                                 6:15-CV-0470
                                                                      (GTS/WBC)

CAROLYN W. COLVIN,
Commissioner of Social Security,

                      Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

OFFICE OF PETER M. HOBAICA              B. BROOKS BENSON, ESQ.
  Counsel for Plaintiff
2045 Genesee Street
Utica, NY 13501

U.S. SOCIAL SECURITY ADMIN.                DAVID L. BROWN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II    PRASHANT TAMASKAR, ESQ.
  Counsel for Defendant                              JEREMY A. LINDEN, ESQ.
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this Social Security action filed by Michael Thomas Scuderi ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 25, 26.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I.     PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes four arguments in objection to Magistrate Judge Carter's Report and Recommendation.

First, Plaintiff objects to Magistrate Judge Carter's finding that substantial evidence supported the ALJ's assessment of the mental opinion evidence (because the ALJ erred in affording great weight to the opinion of State agency consultative examiner, Rachelle Hansen, Psy.D., and affording very little weight to the opinion of treating psychologist, David Stang, Psy.D.).  (Dkt. No. 26 at 1-6.)

Second, Plaintiff objects to Magistrate Judge Carter's finding that the ALJ did not err in evaluating Plaintiff's mental impairments and resulting functional limitations (because the ALJ did not explain how Plaintiff could perform the basic mental demands of unskilled work despite Dr. Stang's opinion that Plaintiff had extreme mental limitations).  (*Id.* at 6-7.)

Third, Plaintiff objects to Magistrate Judge Carter's finding that the ALJ's credibility determination was supported by substantial evidence (because the ALJ did not provide an adequate discussion of Plaintiff's testimony and alleged limitations, and improperly focused on evidence that supported the ALJ's RFC finding).  (*Id.* at 7-8.)

Fourth, and finally, Plaintiff objects to Magistrate Judge Carter's findings that the ALJ did not err by (1) finding that Plaintiff's mental impairments do not functionally equal one or more of the Listings (because Dr. Stang's opinion indicated that Plaintiff's mental impairments may functionally equal Listings 12.02, 12.04, and/or 12.08), and (2) relying on vocational expert testimony (because it was based on the ALJ's erroneous RFC determination).

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections simply reiterate arguments presented in his initial brief. (*Compare* Dkt. No. 26 *with* Dkt. No. 13.) Therefore, the Court reviews the Magistrate Judge Carter's Report and Recommendation for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. (Dkt. No. 25.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: September 7, 2016
 Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge